**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,**

v.

**Marjorie Mary JONES et vir, Appellees.**

**No. 3754.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 25, 1963.

Rehearing Denied Feb. 22, 1963.

Eplen, Daniel & Dickson, Abilene, for appellant.

Brooks & Fergus, Abilene, for appellees.

COLLINGS, Justice.

This is a workmen's compensation case brought by Marjorie Mary Jones and her husband against United States Fidelity & Guaranty Company. Plaintiffs originally sought to recover for the loss of use of a leg by Mrs. Jones, alleged to have been suffered by reason of an accidental injury sustained in the course of her employment with Thorp's, Inc., of Abilene. In an amended petition plaintiffs alleged injury to Mrs. Jones' left foot and left leg; that blood clots developed in the leg bringing about thrombo phlebitis, thereby causing damage to the left hip and lower part of the back, and causing her to be totally and permanently disabled.

Defendant answered by denying that Mrs. Jones sustained any injury while engaged in the course of her said employ-

ment, and further alleged that any incapacity she may have suffered was due solely to pre-existing disease or came into existence after and was wholly unconnected with her alleged injury.

The case was tried before a jury which found that Mrs. Jones sustained a personal injury on or about December 10, 1960; that such injury was the result of an accident, and sustained in the course of her employment with Thorp's, Inc. of Abilene; that as a natural result of such injury Mrs. Jones sustained total incapacity for a period of 200 weeks. Judgment was entered for plaintiffs awarding compensation benefits for such incapacity in the sum of $6,255.12. United States Fidelity and Guaranty Company has appealed.

In appellant's first and second points it is urged that the court erred in holding there was any evidence and, in the alternative, that there was sufficient evidence to show that Mrs. Jones sustained a personal injury in the course of her employment for which she was entitled to recover under the workmen's compensation law.

The evidence shows that on December 10, 1960, Mrs. Jones was an employee of Thorp's, Inc. in Abilene, Texas; that at that time she was fitting shoes for a customer and was sitting on a fitting stool furnished by her employer. The stool was 12 to 14 inches in height and had no arm rests so a person rising from it would be required to raise the entire weight of his body by the use of the feet and legs. Mrs. Jones was sitting sideways on the stool in a position in which her legs were tucked behind her. She started to get up from the stool to go to the back of the store for some shoes and the evidence indicates that when she was in the process of getting up she heard "something snap" and felt a sharp pain in her left heel. The shoe on that foot came off. Mrs. Jones testified that she hurt her heel when she got off the stool. She said that she thought at first that she had sprained her ankle. There was evidence to the effect that she cried out, com-

plaining that her heel was hurt. The heel began to swell immediately and her husband came to the store and took her home. She later went to see Dr. Haynes and thereafter also saw Dr. Capps at the Dyess Air Force Base Hospital. Mrs. Jones gave a history to both of these doctors of getting up off a stool and hearing something snap and feeling a sharp pain in her heel at the time. Dr. Haynes testified that in his opinion Mrs. Jones had suffered either traumatic bursitis or a tear of the achilles tendon in her heel. Dr. Capps testified that it was his opinion that she had suffered a partial tearing away of the heel cord tendon.

Appellant contends in connection with its first two points that there were no facts in evidence and in the alternative that the evidence was insufficient to show that any accident occurred which caused damage or harm to Mrs. Jones' heel and that the evidence also fails to show that the injury to Mrs. Jones' heel, if any, originated in or had anything to do with her employer's business, or was such that she was entitled to recover for under the Workmen's Compensation Act.

Appellant's first and second points are not well taken. The evidence shows that Mrs. Jones did sustain an injury to her heel while working for her employer. In Traders & General Insurance Company v. Weatherford, Tex.Civ.App., 124 S.W.2d 423, it was held that an injury could be the result of an accident, or that the injury, itself, might be the accident, and in the one case as well as the other be compensable if disability resulted. In 1 C.J.S. Accident page 432, it is stated that the term accident "is often used to denote any unintended and unexpected loss or hurt apart from its cause, and if the cause is not known the loss or hurt itself would be called an accident." In our opinion there is some evidence to support the findings that Mrs. Jones sustained a personal injury as alleged, and that such injury was the result of an accident. We also hold that such evidence is sufficient to support the verdict. The

evidence as above briefly stated also shows that Mrs. Jones' accidental injury was sustained in the course of her employment with Thorp's, Inc., and was such that she was entitled to recover therefor under the Workmen's Compensation Act.

In appellant's third, fourth and fifth points it is contended that there were no pleadings, evidence or findings to the effect that the injury claimed to have been sustained to Mrs. Jones' left foot extended to or affected other parts of her body so as to support the judgment for a general injury, and that the court erred in refusing to so hold. Appellant asserts that the only claimed injury is to the foot, which is a specific injury; that such an injury may become a general injury, but to establish a general injury in such cases the claimant must plead, prove and secure findings that the specific injury extended to and affected other parts of the body. Appellant contends that there were no pleadings to support a claim of general injury; that the evidence showed conclusively that the only injury, if any, sustained by Mrs. Jones was to her left foot and that other portions of her body were not affected except by such injury and her right to recovery was therefore limited to the loss of a foot for which no recovery was sought as a specific injury under plaintiffs' pleadings, and that the court therefore erred in entering judgment for plaintiffs for a general injury. Appellant particularly contends that there were no facts in evidence from which it could be presumed that the accident, if any, caused phlebitis to set in as a natural result thereof, and that there were no facts from which it could be inferred or presumed that because of such phlebitis, if any, that blood clots naturally developed so as to cause thrombo phlebitis and ailments to other parts of her body as alleged and claimed by plaintiffs.

■ Appellant's contention that there were no pleadings that the injury claimed to have been sustained to Mrs. Jones' left foot extended to or affected other parts of

her body is not well taken. Appellees alleged that Mrs. Jones' left foot was injured; that because thereof blood clots developed in the leg bringing about thrombo phlebitis, and that as a result thereof there was damage to the left hip and lower part of the back causing her to be totally and permanently disabled.

■ We also overrule appellant's contention that there was no evidence to the effect that the injury sustained to Mrs. Jones' left foot extended to or affected other parts of her body. Both of the medical witnesses herein testified that Mrs. Jones suffered from thrombo phlebitis. The evidence indicates that this condition came into being after the injury to Mrs. Jones' foot and in our opinion supports the conclusion that it naturally resulted from and because of the injury to her foot. There was evidence to the effect that because of her injury Mrs. Jones was placed in the hospital at Dyess Air Force Base and was treated; that she continued to complain because of pain, and that her foot and leg were put in a "postier splint." There was evidence that during this period she complained of pain in the calf of her leg, and that swelling of her leg began to develop, together with increased pain on moving the foot up. Dr. Capps testified that this was one of the symptoms which you find when there is a clot in the deep vein; that Mrs. Jones was treated for thrombo phlebitis, which means an inflammation and clot formation in the deep vena system. There was evidence to the effect that some time thereafter she again went to the doctor complaining of pain in her ankle, leg and thigh and also up behind the leg where the sciatic nerve comes out of the back; that she was walking in a bent position with her knee and hip in a flexed or bent position and was unable to bring her foot up to a 90 degree angle. Mrs. Jones testified that she was in the hospital under Dr. Capps' care for more than a month; that as a part of her treatment her leg was elevated and she was taking exercises with her leg until thrombo phlebitis set in; that she began to

have pains "just like someone took a hot poker and went from the heel through the groin." She stated that this pain was continuous and was so severe that she was unable to sleep. Dr. Haynes, who also examined and treated Mrs. Jones, stated that he found she had pain in the left leg and hip joint; that in his opinion she could not work and that her trouble was not confined to the left leg but included the thigh and hip.

The evidence, in our opinion, constitutes some evidence of, and is sufficient to support the conclusion that the injury sustained to Mrs. Jones' left foot extended to and affected other parts of her body so as to support the judgment for a general injury.

■ As heretofore indicated, the jury found that Mrs. Jones sustained a personal injury; that such injury was the result of an accident, was sustained in the course of her employment with Thorp's, Inc., and that Mrs. Jones sustained temporary total incapacity for a period of two hundred weeks as a natural result of said injury. No special issue was submitted or requested to be submitted which inquired whether the injury to Mrs. Jones' foot had naturally extended to and affected her body generally and that such condition was the producing cause of her incapacity. Appellant contends that the findings of the jury will not support the judgment for a general injury; that since no issues were submitted or requested by appellees on the question of whether the injury to Mrs. Jones' foot extended to and affected other parts of her body and were the producing cause of her incapacity, if any, that she has failed to meet the burden required of her under the Workmen's Compensation Law of Texas to recover for a general injury.

Appellant's contention concerning the insufficiency of the jury findings to support the judgment is not well taken. Appellees' pleadings and the evidence as indicated are amply sufficient to support the judgment for a general injury. As pointed out by appellant, appellees by their amended plead-

ing did not seek to recover upon the basis of a specific injury but sought only to recover for a general injury. In our opinion, it is obvious that the court was attempting to submit the case to the jury on the basis of a general injury, that is, whether Mrs. Jones sustained total incapacity because of a general injury and if so, the duration of such total incapacity. It is provided in Rule 279, Texas Rules of Civil Procedure that where a ground of recovery consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery and necessarily referable thereto, are submitted and answered by the jury, and one or more of such issues are omitted, without any request therefor or objection, and there is evidence to support a finding thereon, the court, at the request of either party may make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed, as found by the court, in such manner as to support the judgment. In the instant case appellees' ground of recovery for a general injury did consist of more than one issue. Some of the issues were submitted and found by the jury in a manner favorable to Mrs. Jones' right to recover. Specifically it was found that Mrs. Jones sustained a personal injury and as a natural result sustained total incapacity for a period of two hundred weeks. Other issues bearing upon such "ground of recovery" were omitted without request or objection, nor was there any written findings filed by the court on such omitted issues; nor was there any request therefor. Under these circumstances Rule 279 requires that such omitted issues be deemed as found by the court in such manner as to support the judgment. Austin v. Austin, 174 S.W.2d 1010, affirmed 143 Tex. 29, 182 S.W.2d 355; General Accident Fire And Life Assurance Corp. v. Murphy, 339 S.W.2d 392, (Ref. N.R.E.).

■ In appellant's sixth point it is contended that the court erred in permitting appellees to file a trial amendment on the

day that the case went to trial changing the alleged date of the accident in question from December 27, 1960, to that of December 10, 1960, and in refusing appellant the right to withdraw its announcement of ready for trial. The matter of permitting a party to file a trial amendment is largely within the discretion of the trial court and the action of the court in such cases will not be disturbed unless the complaining party shows an abuse of discretion. Texas Employers Insurance Ass'n v. Sanders, Tex. Civ.App., 265 S.W.2d 219. In our opinion appellant has failed to show that it was prejudiced in any way by the trial amendment and has therefore failed to show an abuse of discretion on the part of the trial court.

The judgment is affirmed.