**George A. ADAMS, Appellant,**

v.

**TEXAS COMPENSATION INSURANCE COMPANY, Appellee.**

**No. 17208.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 9, 1978.

Thomas J. Pearson, Bellaire, for appellant.

Weitinger, Steelhammer & Tucker, Jack W. Tucker, Jr., Houston, for appellee.

EVANS, Justice.

This is an appeal by George Adams, the claimant in a worker's compensation case, from a judgment entered in favor of Texas

Compensation Insurance Company setting aside an award of the Texas Industrial Accident Board.

The appellant did not file a Statement of Facts with this court.

In appellant's one point of error he contends that the trial court erred in ruling that there was no showing of good cause excusing his failure to give notice of his injury within thirty days as required by the Worker's Compensation Act.

"Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury . . ., and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury . . . For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board." Tex.Rev.Civ.Stat.Ann. Article 8307, Section 4a (1967).

In response to special issues the jury found that the plaintiff has been injured in the course of his employment and had thereby suffered a partial incapacity. It further found that within six months from the date of such injury he believed his injury to be trivial and that such belief caused him to delay filing his claim for compensation. The jury failed to find, however, that the appellant's employer had notice of the injury within 30 days after its occurrence. On the basis of the jury's verdict the trial court entered judgment setting aside the award of the Texas Industrial Accident Board and decreeing that Adams take nothing on his claim against Texas Compensation Insurance Company.

■ The appellant had the burden of proving that good cause existed for his failure to give notice within the required thirty day period. *Hawkins v. Safety Cas. Co.,* 146 Tex. 381, 207 S.W.2d 370 (1948); *Hartford Accident & Indemnity Co. v. Hardin,* 252 S.W.2d 752 (Tex.Civ.App.—Fort Worth, writ ref'd.). It is his contention that the jury's finding that he believed his injury to be trivial "within six (6) months from the date of such injury" established the element of good cause, excusing him from giving the 30 day notice.

■ A belief that an injury is trivial may constitute proof that good cause existed for not giving a required notification. *Aetna Casualty & Surety Company v. Brown,* 463 S.W.2d 473 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.). Thus, in the case at bar it is possible that evidence in support of the jury's finding of good cause with respect to the failure of appellant to file his claim within the six month period would also have supported a finding of good cause with respect to his failure to give the 30 day notice.

■ The difficulty with appellant's position is that the finding of good cause with respect to his failure to file the claim within the six month period does not necessarily constitute a finding of good cause with respect to his failure to give the 30 day notice. It is conceivable that the jury could have found from the evidence that good cause existed with respect to the appellant's failure to file the claim within six months but not with respect to his failure to give the notice within thirty days of the date of injury. Since the appellant did not request a special issue concerning his claim that good cause existed for his failure to give the required 30 day notice and failed to ask the court to make a written finding on such issue prior to the entry of the judgment, it must be deemed that the issue was found by the court in such manner as to support the judgment. Rule 279, Texas Rules of Civil Procedure; *Texas Employers' Ins. Ass'n. v. Hudgins,* 294 S.W.2d 446 (Tex.Civ. App.—Waco 1956, writ ref'd n. r. e.).

■ There is a rebuttable presumption that omitted special issues have been established as a matter of law, and in the absence of a statement of facts, this presumption cannot be overcome. *Manning & Sons, Inc. v. Ken-Tex Oil Corp.,* 418 S.W.2d 324

(Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.); *Tunnell v. Prior*, 494 S.W.2d 237 (Tex. Civ.App.—Texarkana 1973, no writ).

The trial court's judgment is affirmed.