**TEXAS EMPLOYER'S INSURANCE ASSOCIATION, Appellant,**

v.

**Glenn R. BARTEE, Appellee.**

**No. 01–87–00922–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 18, 1988.

Rehearing Denied Aug. 22, 1988.

Michael Phillips, Houston, for appellant.

Robert P. Gaddis, Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

OPINION

LEVY, Justice.

Appellant T.E.I.A. appeals from an adverse verdict in a worker's compensation case. The jury found that Glenn Bartee suffered a work-related injury on December 22, 1980, that he did not fail to timely file a claim for compensation with the Industrial Accident Board, and that he was totally and permanently incapacitated as a result of the December 22 injury. The jury awarded $48,771.57 and lifetime medical benefits. T.E.I.A. argues that there is no evidence, or insufficient evidence, to support the jury finding of timely filing, and attacks the jury findings on total and permanent incapacity on the grounds that: (1) there is no evidence, or insufficient evidence, that Bartee sustained a general injury, or that his specific injuries extended to and affected other parts of his body; and (2) there is no evidence, or insufficient evidence, that any injuries sustained by Bartee resulted in total and permanent incapacity.

Bartee was crushed by a 30,000 to 40,000 pound steel cylinder on December 22, 1980, while working as a welder at Hahn & Clay.

The medical evidence was that he sustained a partially amputated thumb; a crushed thigh bone of the left leg; an injury to the sciatic nerve controlling his entire left leg; damage to the quadriceps muscle of the left leg; arthritic stiffness of the left knee; a fractured tibia of the right leg which extended into the knee joint itself; arthritis of the right knee; and crushed and compressed nerves in both elbows which weakened his hands.

Bartee testified that he spent several months immediately after the accident flat on his back, either in the hospital or at home, and that he relied upon his wife to tend to any paperwork regarding the hospitalization and accident. T.E.I.A. stipulated at trial that it had actual knowledge of the accident, and began making weekly compensation payments immediately.

Mrs. Bartee testified that she did not realize the necessity of filing a formal claim with the I.A.B. within six months of the injury until she was so informed by an employee of the I.A.B. She testified that because the first treating orthopaedic surgeon had confined her husband to a wheelchair with little prospect of improvement, she and her husband decided to seek a second medical opinion from Dr. Steven Thompson.

In order to have the visit to Dr. Thompson paid for by the worker's compensation carrier, Mrs. Bartee called the I.A.B. to request approval of Dr. Thompson. The I.A.B. employee she talked to informed her that no claim had been filed, and informed her that such a claim was necessary.

As a result of this telephone call, a claim form was mailed by the I.A.B. to the Bartees, and they filled it out and returned it to the I.A.B. immediately. Neither Mr. nor Mrs. Bartee could remember the exact date the claim form was filed.

The only evidence in the record of the date of Mrs. Bartee's phone call to the I.A.B., and subsequent immediate mailing and return of the claim form, came from Dr. Thompson. Dr. Thompson testified by deposition that he began actually treating Mr. Bartee on May 21, 1981, almost an entire month prior to the expiration of the six-month claim filing period. Because the undisputed purpose of Mrs. Bartee's phone call to the I.A.B. was to gain pre-authorization for a visit to Dr. Thompson, Mrs. Bartee's phone call must have been made some time prior to May 21, 1981.

In reviewing legal insufficiency or "no evidence" points, we must consider only the evidence tending to support the finding, viewing it in the light most favorable to the finding, giving effect to all reasonable inferences that may be properly drawn from that evidence, and disregarding all evidence or inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

■ Here, based upon Dr. Thompson's testimony showing the actual date that he began treating appellant, Mrs. Bartee must have contacted the I.A.B. over one month prior to the expiration of the six-month filing period. Mrs. Bartee testified that she *immediately* filled out and mailed in the claim form upon receipt. The most reasonable inference from this testimony is that she received the claim form and mailed it back within one month from her phone call to the I.A.B. We conclude that the evidence supporting the jury's answer on timely filing was not legally insufficient.

In reviewing factual sufficiency points, we must consider all of the evidence in the record that is relevant to the challenged fact finding. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). In considering the entire record, there is no other testimony or proof relevant to the timely filing issue. T.E.I.A. apparently relied upon the fact that the Bartees could not testify that the claim form was filed on a given date within the six-month period. After reviewing all the evidence, we cannot say that the jury's answer was so against the weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *In re King's Estate; Texaco, Inc. v. Pennzoil, Co.*

Point of error one is overruled.

T.E.I.A. argues in points two and three that the court erred in submitting the issues on total and permanent incapacity, and that the jury erred in finding total and permanent incapacity, because there was legally or factually insufficient evidence to support any findings on such issues.

Bartee pleaded both general and specific injuries, and the case went to the jury on a general injury theory. The jury was asked whether Bartee sustained any injury, whether the injury resulted in total incapacity, and whether the total incapacity was permanent or temporary. The jury found total and permanent incapacity, and answered either "We do not" or "Not applicable" to all issues regarding partial or temporary incapacity.

█ The Texas Worker's Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306 et seq. (Vernon 1988), provides an exclusive compensation schedule for accidental injuries to specific body members. The plaintiff will be restricted to the statutory schedule unless he pleads and proves that the injury to an otherwise "scheduled" body part extends to and affects other portions of his body, or impairs his general health to such an extent as to totally and permanently incapacitate him. *Tex. Emp. Ins. Assoc. v. Wilson*, 522 S.W.2d 192 (Tex.1975); *Western Cas. & Surety Co. v. Gonzalez*, 518 S.W.2d 524 (Tex.1975).

Here, T.E.I.A. apparently complains both that there was no jury finding on the "extends to and affects" element of general injury, and that the evidence is legally or factually insufficient to support a recovery for a general injury under the jury's findings of total and permanent incapacity.

█ We first observe that because T.E.I.A. failed to object at trial to the omission of any "extends to and affects" issues, it waived any right to complain on appeal of the failure to submit such questions.[1]

Further, because the total and permanent incapacity questions were necessarily referable to a ground of recovery for a general injury, and there was no objection to the omission of the "extends to and affects" issues, we must deem these omitted issues to be found in support of the judgment if there is factually sufficient evidence to support such findings.[2] *See, e.g., U.S. Fidelity & Guaranty Co. v. Jones*, 364 S.W.2d 774, 778 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.).

█ In addition to the medical evidence recited above, the record shows that one of Bartee's legs is shorter than the other, that he walks with a limp, and that he suffers lower back pain because of the way he is forced to walk and sit resulting from the leg problems. After reviewing the entire record, we cannot say that there is factually insufficient evidence to support the deemed findings on the omitted issues (that the specific injuries extended to and affected other portions of his body or impaired his general health). *Western Cas. & Surety Co. v. Gonzalez*, 518 S.W.2d at 527–28.

T.E.I.A. also complains that the jury findings of total and permanent incapacity are not supported by legally and factually sufficient evidence.

Dr. Thompson testified that Bartee's injuries were permanent, and that he was totally disabled insofar as his craft of weld-

---

1. Tex.R.Civ.P. 278 (formerly part of Rule 279) provides, in pertinent part:

    Failure to submit a question shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that objection to such failure shall suffice in such respect if the question is one relied upon by the opposing party.

2. Tex.R.Civ.P. 279 provides, in pertinent part:

    When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner as to support the judgment.

ing was concerned. He testified that Bartee could work only at sedentary labor, and that, as a physician, he would not consider him a suitable candidate for welder.

Bartee testified that he had returned to Hahn & Clay in November, 1981, but that his position mainly consisted of sweeping areas with a broom and limited spot welding. He testified that his only training was as a welder, and that he could not physically perform the job of welder because of his injuries.

T.E.I.A. offered testimony of a Hahn & Clay personnel officer showing that Bartee had been employed after the accident as a "welder," and that Bartee was not currently employed due to the depressed economy. T.E.I.A. also offered testimony from a psychologist that Bartee was employable at sedentary and supervisory positions.

■ The term "total incapacity" implies a disability to perform the usual tasks of a workman and not merely the usual tasks of any one particular trade or occupation. A person's disability is total within the meaning of the Compensation Act if he can no longer secure and hold employment for physical labor *such as he was required to do prior to his injury.* It does not mean that he must be wholly unable to do any work at all. *Gulf Ins. Co. v. Gibbs,* 534 S.W.2d 720, 723–24 (Tex.Civ.App.— Houston [1st Dist.] 1976, writ ref'd n.r.e.). An injured workman may be able to earn money at a job not requiring manual labor and still be totally disabled under the Act. *Standard Fire Ins. Co. v. Simon,* 474 S.W.2d 530 (Tex.Civ.App.—Dallas 1971, no writ).

Applying the appropriate standards in reviewing T.E.I.A.'s sufficiency attacks, we hold that the evidence is legally and factually sufficient to support the jury's findings of total and permanent disability. *Garza v. Alviar; In re King's Estate.*

T.E.I.A.'s second and third points of error are overruled.

The judgment is affirmed.