## U.S. FIRE INSURANCE COMPANY, Appellant,

v.

## Ivan F. RAMOS, Appellee.

### No. 08–92–00385–CV.

Court of Appeals of Texas,
El Paso.

Sept. 22, 1993.

Rehearing Overruled Oct. 27, 1993.

---

Timothy D. Yeats, Williams & Yeats, Big Spring, for appellant.

R. Sandy Torres, Midland, M. Diane Dwight, Lance Bradley, Provost & Umphrey, Beaumont, for appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a workers' compensation case wherein the jury awarded Ivan Ramos, Appellee, compensation for an occupational injury that occurred during his employment with MSA Industries, Incorporated. U.S. Fire Insurance Company, Appellant, in five points of error, complains of the jury charge and asserts there is factually insufficient evidence of any occupational injury and that Ramos was "last injuriously exposed" while employed by MSA Industries, Incorporated. Appellee brings one cross-point. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

Appellee worked as a painter and sandblaster for MSA Industries, Incorporated from October 1985 to October 1989. On October 14, 1989, after being ill for three or four days and coughing and spitting black phlegm, he went to the emergency room at the Medical Center Hospital in Odessa, Texas. When he was discharged from the hospital, the emergency room physician recommended that he see a lung specialist.  ·

The medical testimony at trial suggests that Appellee suffers from an occupational lung disease best described as a mixed dust

pneumoconiosis with an element of occupational asthma. The jury so found.

## II. DISCUSSION

In its first three points of error, Appellant asserts the trial court erred in failing to submit a question to the jury seeking a finding as to whether Appellee gave the requisite thirty days notice to his employer.[1] The former Texas Workmen's Compensation Law, Article 8307, § 4a provided:

Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of the injury or the first distinct manifestation of an occupational disease....

TEX.REV.CIV.STAT.ANN. art. 8307, § 4a (Vernon 1967). Appellant denied notice in its verified answer and further specifically denied notice in its responses to request for admissions. However, the record before this Court shows a total failure to object to the nonsubmission of a question on notice. Appellee then moved for a deemed finding on the notice issue, which the trial court granted.[2]

When Appellant denied notice in its verified pleading, the burden of establishing notice was upon Appellee. Houston Gen. Ins. Co. v. Vera, 638 S.W.2d 102 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Nonetheless, the current Texas Rules of Civil Procedure require a party to object to omission of issues from the charge. TEX.R.CIV.P. 279. If notice were a separate theory of recovery, Appellant would have had no duty to object, and the issue would not be waived.

TEX.R.CIV.P. 279; see Ramos v. Frito Lay, Inc., 784 S.W.2d 667, 668 (Tex.1990); Strauss v. LaMark, 366 S.W.2d 555, 557 (Tex.1963). Where, however, "issues are omitted which constitute only a part of a complete and independent ground and other issues necessarily referable to that ground are submitted and answered, the omitted elements are deemed found in support of the judgment if no objection is made and they are supported by some evidence." Ramos, 784 S.W.2d at 668; TEX.R.CIV.P. 279. Moreover, the trial court may make written findings on omitted issues when requested and where there is factually sufficient evidence to support the findings. TEX.R.CIV.P. 279; see Strauss v. LaMark, 366 S.W.2d 555, 557 (Tex.1963).[3]

Appellant, in its second point of error, contends that the notice issue is not necessarily referable to other elements of a claimant's cause of action. While no Texas case specifically addresses this question, several cases have examined various issues concerning the propriety of deemed findings in worker's compensation cases. In Travelers Ins. Co. v. Woodard, where the issue of "injury" was omitted from the charge, the Court held that such a finding was properly deemed as it was not an independent ground of recovery but was a component of the ultimate issue of the claimant's right of recovery. 461 S.W.2d 493, 497 (Tex.Civ.App.—Tyler 1970, writ ref'd n.r.e.). In reaching this decision, the Court stated:

In a suit seeking benefits under the Workmen's Compensation Insurance Act, the claimant has but one ground of recovery and that is upon the policy. The sole ground of recovery, or ultimate issue, is whether or not the claimant is entitled to workmen's compensation benefits under the terms of the policy.

1. Appellant's first point assigns as error the trial court's failure to enter judgment in their favor due to lack of submission of the notice issue. Their second point, alternatively, attacks the trial court's affirmative finding on the notice issue and contends that such an issue is not properly the subject of a deemed finding. Point of Error No. Three complains there is no evidence to support the deemed finding.

2. No written order appears in the record, but both parties agree the trial judge indicated by

letter to counsel he was entering a deemed finding in favor of Ramos on the notice issue.

3. Trial court findings of fact are reviewable for legal or factual sufficiency. TEX.R.CIV.P. 279; Scott v. Scruggs, 836 S.W.2d 278, 279 (Tex. App.—Texarkana 1992, writ denied) (omitted findings will be deemed found in support of the judgment if supported by evidence and if trial court does not file written findings). In the instant case, Appellant only challenges the legal sufficiency of the court's finding.

*Id.* *Woodard* was preceded by other cases deeming findings in workers' compensation cases. *See Travelers Ins. Co. v. Booker,* 368 S.W.2d 54, 57 (Tex.Civ.App.—Beaumont 1963, writ ref'd n.r.e.) (worker's compensation carrier that made no objection to omission of issue of "greater hazard" prior to submission of charge, waived error, and issue would be deemed in favor of judgment); *Texas Employer's Ins. Ass'n v. Bartee,* 757 S.W.2d 451, 454 (Tex.App.—Houston [1st Dist.] 1988, writ denied) (omitted issue of "general injury" deemed in favor of judgment of recovery where no objection was made to nonsubmission); *United States Fidelity & Guar. Co. v. Jones,* 364 S.W.2d 774, 778 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.) (omitted issue of "general injury" deemed in favor of judgment of recovery where no objection was made to nonsubmission).

Finally, in *Adams v. Texas Compensation Ins. Co.,* the plaintiff did not object to omission of an issue concerning his claim that good cause existed for his failure to provide notice within thirty days. There, the Court held that this issue would be deemed to support the judgment in favor of the carrier. 573 S.W.2d 612, 613 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). In light of the above authority, notice is necessarily referable to the other elements in a workers' compensation case. We find that the trial court did not err in deeming this finding in favor of Appellee. Thus, since Appellant failed to object to nonsubmission of this issue, and the finding was properly deemed in favor of the judgment, the court's finding will be upheld as long as there is some evidence to support it.

In considering a "no evidence" legal insufficiency point, we consider only the evidence that tends to support the jury's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). If there is more than a scintilla of evidence to support the questioned finding, the "no evidence" point fails. *Worsham Steel Co. v. Arias,* 831 S.W.2d 81 (Tex.App.—El Paso 1992, no writ); *Fuentes v. McFadden,* 825 S.W.2d 772 (Tex.App.—El Paso 1992, no writ). Despite Appellant's contentions, there is evidence they had actual notice of Appellee's injury. Assuming without deciding that the "first distinct manifestation" of any injury to Appellee occurred on October 14, 1989,[4] the day he entered the emergency room for lung problems; there is evidence he told his supervisor months before then that he was having breathing problems. In addition, there is evidence Appellee informed his supervisor Michael Ashton (also President of MSA Industries, Inc.) that the emergency room doctor had advised Appellee to see a lung specialist. Appellee first saw the specialist on November 16, 1989; thus, there is an inference that the conversation between Appellee and Ashton occurred within a month of October 14, 1989. In view of this actual knowledge, we find that there is at least some evidence to support the finding. *See Texas Employers' Ins. Ass'n v. Guerrero,* 800 S.W.2d 859, 861 (Tex.App.—San Antonio 1990, writ denied) (where claimant immediately told his supervisor that he had injured himself, employer sent him to a doctor and admitted in response to admissions that he had sustained an accidental injury, failure to submit issue on notice was not error, despite fact that omission was objected to). Actual knowledge by these persons is sufficient to comply with the terms of the statute. *Houston General Ins. Co. v. Vera,* 638 S.W.2d 102, 106 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). In addition, finding notice on the facts in the instant case comports with the Texas Supreme Court's liberal construction of the notice statute. In *DeAnda v. Home Ins. Co.,* the Court ex-

---

4. "First distinct manifestation" is for the jury to determine under the facts peculiar to each case as to when the disease first reached the stage where it manifested itself so that the claimant knew, or should have known, that he had an occupational disease. *Travelers Ins. Co. v. Miller,* 390 S.W.2d 284, 288 (Tex.Civ.App.—El Paso 1965, no writ); see also *Aetna Casualty & Sur. Co. v. Luker,* 511 S.W.2d 587, 590 (Tex.Civ. App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).

Appellant did not object to the charge for failure to properly instruct on this issue, however. In fact, the jury was not instructed at all on this issue. Therefore, any error as to instruction or lack thereof regarding first distinct manifestation is not before this Court. Tex.R.Civ.P. 272.

plained "'that great liberality should be indulged in determining the sufficiency and scope of such notices....'" 618 S.W.2d 529, 533 (Tex.1980) quoting *Lewis v. American Sur. Co.*, 143 Tex. 286, 184 S.W.2d 137 (1944). Moreover, notice is not required to be in any particular form and need not specify the exact nature of the injury or illness, since the requirement exists only to provide the insurer an opportunity to investigate. *DeAnda*, 618 S.W.2d at 533. Accordingly, Appellant's Points of Error Nos. One through Three are overruled.

■ In Point of Error No. Four, Appellant asserts the jury's finding of occupational disease was against the great weight and preponderance of the evidence. After reviewing the entire record in this case, Appellant's contention that the jury's finding is not supported by factually sufficient evidence is without merit. To the contrary, the evidence overwhelmingly establishes that there was an occupational disease.

■ A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d 131, 136 (Tex. App.—El Paso 1992, writ denied); *Chandler v. Chandler*, 842 S.W.2d 829, 832–33 (Tex. App.—El Paso 1992, writ denied). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Oechsner*, 840 S.W.2d at 136; *Chandler*, 842 S.W.2d at 833. It is not within the province of the court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive.

*Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947); *Oechsner*, 840 S.W.2d at 136; *Chandler*, 842 S.W.2d at 833.

There was testimony from Dr. Stephen Wisenfeld that Appellee suffers from an occupational lung disease best described as a mixed dust pneumoconiosis. This opinion was corroborated by Dr. Gerald Abraham, a nationally known occupational and environmental pathologist, who testified that Appellee had a disease that was "definitely pneumoconiosis." There was scarring in Appellee's lung caused by dust inhalation. Silica and other materials were found in his lungs, including dusts from other metals. A mixed dust pneumoconiosis results from a mixture of dusts like the pattern observed in Mr. Ramos. As of 1992, mixed dust pneumoconiosis is a recognized occupational disease just as silicosis, asbestosis, and berylliosis are recognized occupational diseases. Accordingly, Point of Error No. Four is overruled.

■ In its fifth and final point, Appellant contends there is factually insufficient evidence to support the jury's finding that Appellee was "last injuriously exposed" while he was employed by MSA Industries, Incorporated. To support its contention, Appellant points to the fact that Appellee continued to do sandblasting work for a company called F & W Industries after leaving his employment with MSA Industries. However, this fact is not determinative.

■ The proof necessary to establish injurious exposure consists of evidence of substantial exposure to the offending agent plus medical opinion connecting it with the actual injury. *Texas Employers' Ins. Ass'n v. Etheredge*, 154 Tex. 1, 272 S.W.2d 869 (1954); *Aetna Casualty & Sur. Co. v. Luker*, 511 S.W.2d 587, 589 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).[5]

Dr. Wisenfeld testified that Appellee's exposure at MSA Industries was significant and that exposure at F & W Industries was

---

5. In addition, the record shows that the jury was properly instructed as follows:
"LAST INJURIOUSLY EXPOSED" as used in these instructions does not necessarily mean the last exposure.

"INJURIOUSLY EXPOSED" means a substantial exposure rather than an incidental or cumulative exposure.

infrequent, for a relatively short duration, and probably below the federal permissible exposure limit. Thus, it was his opinion that exposure at F & W Industries was not the exposure that produced the disease. Moreover, Dr. Wisenfeld testified that sandblasting at MSA Industries, which occurred on a daily basis for extended periods of time, was the probable cause of Appellee's occupational lung disease. Appellant's Point of Error No. Five is overruled.

In a single cross point, Appellee contends the judgment should be reformed to reflect a daily wage rate of $491.94. The average daily wage rate as found by the jury was $85.27. Appellee bases his contention on *Twin City Fire Ins. Co. v. King*, which found an uncontroverted answer to an interrogatory to amount to a judicial admission on the issue of wage rate. 510 S.W.2d 370, 378 (Tex.Civ.App.—Houston [1st] Dist.1974, writ ref'd n.r.e.). In the instant case, Appellant answered interrogatory 16 as follows:

*INTERROGATORY NO. 16:* What does the Defendant contend to be the correct average daily wage applicable in this case?
*ANSWER:* $491.94.

The evidence establishes that Appellant was answering as to Appellee's weekly, not daily, rate. Appellee testified he was earning approximately $490 per week, and Appellee and others testified his hourly wage was $7. Assuming the answer to interrogatory 16 is a judicial admission, it is not uncontroverted as in *Twin City Fire Ins. Co.* Accordingly, Appellee's cross-point is overruled.

Having overruled each of Appellant's points of error, as well as Appellee's cross-point, the judgment of the trial court is affirmed.

OSBORN, Chief Justice, dissenting.

I respectfully dissent from the overruling of Appellant's Point of Error No. Two and conclude that the trial court was not authorized to make a deemed finding on the issue of notice of the injury to the employer within 30 days as required by Article 8307, § 4a, Tex.Rev.Civ.Stat.Ann. (Vernon 1967).

Several courts have passed on similar issues without any discussion of the authority of the trial court to make implied findings. The identical question was before the court in *Texas Employers' Ins. Assoc. v. Hilderbrandt*, 62 S.W.2d 209 (Tex.Civ.App.—Beaumont 1933, no writ). No issue of notice was submitted to the jury and the Court held that "without a jury finding thereon in appellee's favor the judgment was without support." *Id.* at 210. No mention is made of any implied finding to support the judgment. Without any reference to that holding, the Court in *Adams v. Texas Compensation Ins. Co.*, 573 S.W.2d 612 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ) reached the opposite results and held that where no issue was submitted and no objection was made to the charge that the issue was deemed found by the court in such manner as to support the judgment. No discussion is found in the opinion as to how notice was necessarily referable to other submitted issues.

In *Superior Trucks, Inc. v. Allen*, 664 S.W.2d 136 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.) the Court pointed out that the purpose of the "necessarily referable" requirement of Rule 279 is to give parties, against whom issues are to be deemed, fair notice of a partial submission, so that they have an opportunity to object to the charge or request submission of the missing issues to the ground of recovery or defense. Professor Hodges wrote that it must "be kept in mind that the purpose of the requirement that the submitted issue be 'necessarily referable' to the ground of which the omitted issue is a part, is to put the parties on notice of the possibility of a finding by the judge. It is only when this is accomplished that the consent to a finding by the court, and waiver of a jury finding is real:" G. Hodges, *Special Issue Submission in Texas*, at 214 (1959). In this case the majority opinion does not state which issue as submitted the notice would be referable to. I do not believe it is referable to the issues on occupational disease, incapacity, wage rate, or hardship because notice is totally severable from those issues.

This Court in *Hooper v. Torres*, 790 S.W.2d 757 (Tex.App.—El Paso 1990, writ denied) held that where the issue consists of only one element, there can be no implied

finding. Clearly, the issue of whether notice was given within thirty days only involves one issue. *See* 2 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 23.01 (1989).

Thus, there is no series of issues to which the unsubmitted notice issue is "necessarily referable" and the Appellee has failed to obtain a finding on an issue upon which he had the burden of proof. *Houston Gen. Ins. Co. v. Vera,* 638 S.W.2d 102 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).