Richard L. CHANDLER, Appellant,

v.

Rachel CHANDLER, Appellee.

No. 08–91–00323–CV.

Court of Appeals of Texas,
El Paso.

Dec. 2, 1992.

Rehearing Overruled Dec. 30, 1992.

Michael W. Hartley, Waxahachie, for appellant.

William R. Copeland, El Paso, for appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a Bill of Review. After trial, the jury rendered a verdict in favor of Rachel Chandler, Appellee, upholding the previous, original judgment of divorce. Richard Chandler, Appellant, in five points or error, complains; (1) of the admission of alleged hearsay testimony, (2) of the jury's finding, contending there is legally and factually insufficient evidence to support the verdict, and (3) of an instruction in the court's charge. Appellee, in two cross-points, urges the trial court's judgment be affirmed as a matter of law and complains of the jury's finding denying her attorney's fees. We affirm.

## I. SUMMARY OF THE EVIDENCE

Richard and Rachel Chandler were married in Juarez, Mexico on October 17, 1949. On March 17, 1977, Rachel Chandler filed for divorce, and on May 28, 1980, divorce was granted on an agreed divorce decree.

Prior to her marriage to Richard Chandler, Rachel Chandler had been married to Pablo Torres Tovar. Rachel Chandler told Richard Chandler of the previous marriage during their courtship and also told him that she was divorced from Pablo Tovar. However, in May 1981, subsequent to the divorce between Richard and Rachel Chandler, Richard Chandler learned there was no record evidencing any divorce between Rachel Chandler and Pablo Tovar.

Thereafter, Appellant filed his bill of review, seeking to set aside the divorce decree. Appellant alleged and attempted to prove at trial that Rachel Chandler fraudulently induced him to marry her and as a result, their marriage was void. Further, Appellant alleged that he was unable to assert this meritorious defense to the prior divorce action because of the same fraudulent actions.

## II. DISCUSSION

In his first point of error, Appellant argues the trial court erred in admitting testimony by Appellee which Appellant contends was hearsay. The specific testimony complained of was testimony by Appellee that a Mexican judge pronounced her divorced from her first husband, stating "I give her divorce." Prior to this testimony, Appellant properly objected and secured a "running objection" to cover any future admissions of the same evidence. In response to Appellant's objection, counsel for Appellee argued the testimony was being introduced to show "state of mind" and not for purposes of proving the truth of the matter asserted. The judge overruled Appellant's objection instructing the jury they were not to consider the testimony for the truth of the matter asserted but only to show "state of mind."

To obtain reversal based on error in admission or exclusion of evidence, an appellant must show the error was "calculated to cause and probably did cause rendition of an improper judgment." Tex.R.App.P. 81(b)(1); *Gee v. Liberty Mutual Fire Insurance Company,* 765 S.W.2d 394, 396 (Tex.1989).

Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex.R.Civ. Evid. 801(d). *See also Turner v. Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 167 (Tex.1982) (evidence of an out-of-court statement is hearsay only when offered to prove the truth of the matter asserted). Further, testimony is hearsay when its probative force depends in whole or in part on the credibility or competency of some person other than the person by whom it is sought of be produced. *Texarkana Mack Sales, Inc. v. Flemister*, 741 S.W.2d 558, 562 (Tex.App.— Texarkana 1987, no writ).

The statement by Appellee was not offered to prove that she was in fact divorced. Rather, it was offered to show that she believed she was divorced. Moreover, the probative force of the statement does not depend on the competency or credibility of the Mexican judge. Therefore, it is not hearsay.

■ Alternatively, Rule 803(3) provides an exception to the hearsay rule for statements regarding one's "then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will." Tex.R.Civ.Evid. 803(3). Normally, "[s]tatements admitted under this exception are . . . spontaneous remarks about pain or some other sensation, made by the declarant while the sensation, not readily observable by a third party, is being experienced." *Rosendorf v. Blackmon*, 800 S.W.2d 377 (Tex.App.—Corpus Christi 1990, orig. proceeding); *Ochs v. Martinez*, 789 S.W.2d 949, 959 (Tex.App.—San Antonio 1990, writ denied). Although Appellant contends the statement does not properly fit under the 803(3) exception, authority exists providing that "[c]ommunications made or received by a person will often be relevant, not as evidence that the facts are as stated in the communication, but instead as tending to show the knowledge or belief of the person who communicated or received the statement." *Thrailkill v. Montgomery Ward*, 670 S.W.2d 382, 386 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Burleson v. Finley*, 581 S.W.2d 304, 309 (Tex.App.—Austin 1979, writ ref'd n.r.e.); *See also, Posner v. Dallas County Child Welfare*, 784 S.W.2d 585, 587 (Tex. App.—Eastland 1990, writ denied); *Security Ins. Co. v. Nasser*, 755 S.W.2d 186, 193–94 (Tex.App.—Houston [14th Dist.] 1988, no writ). Moreover, where the question is whether a party has acted "prudently, wisely or in good faith, information on which he acted is original and material evidence and not 'hearsay.'" *Duke v. Power Electric and Hardware Company*, 674 S.W.2d 400, 404 (Tex.App.—Corpus Christi 1984, no writ); *Globe Discount City v. Landry*, 590 S.W.2d 813, 815 (Tex. App.—Waco 1979, writ ref'd n.r.e.). Therefore, Appellant's first point of error is overruled.

In his second and third points of error, Appellant attacks the legal and factual sufficiency of the jury's adverse finding on question one in the jury charge. Question one asked the jury whether Rachel Chandler fraudulently induced Richard Chandler to marry her. Implicit within this question is the issue of whether Rachel Chandler falsely represented to Richard Chandler that she had been divorced from Pablo Torres Tovar. Appellant relied on two pieces of evidence in an attempt to show fraudulent representations on Appellee's part: (1) the absence of any divorce decree between Rachel Chandler and Pablo Tovar, and (2) the fact that Rachel Chandler used inconsistent names when she first married Tovar and when she later married Richard Chandler.

■ As complainant in the instant bill of review, Richard Chandler was required to plead and prove: "(1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his

own." *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979); quoting *Alexander v. Hagedorn,* 148 Tex. 565, 568, 226 S.W.2d 996, 998 (Tex.1950). Rachel Chandler, on the other hand, assumed the burden of proving her original cause of action (i.e., divorce or validity of the marriage). *Baker,* 582 S.W.2d at 409. Thus, the first question the jury *should* have answered was whether Richard Chandler established by a preponderance of the evidence that the original divorce action was rendered as a result of fraud by Rachel Chandler. *Baker,* 582 S.W.2d at 409. This question should have been submitted in one broad issue, and "*Conditioned* upon an affirmative finding to this issue," the jury should have then determined whether the bill of review defendant, Rachel Chandler, proved the elements of her original cause of action. *Id.* [Emphasis in original].

Instead, the charge in the instant case divided what normally would have been one question into two separate questions. The charge read:

## QUESTION 1

Do you find that prior to the marriage of Richard L. Chandler in question in this case, Rachel Chandler knowingly made false representations as to material facts to Richard Chandler with the intent to induce him to enter into that marriage and that Richard Chandler suffered a pecuniary loss as a proximate cause of his reliance on the representations?

You are instructed that when answering this question you are to limit your considerations to Rachel Chandler's representation, if any, that she had been divorced from Pablo Torres Tovar.

Answer "yes" or "no"

Answer: <u>No</u>

If you have answered "yes" to Question 1, continue on. If you have answered "no" to Question 1, then answer Question 9 and none other.

Question two, which the jury never reached, asked whether the fraud, if any, resulted in the entering of the original divorce decree.[1]

When the appellant is attacking the legal sufficiency of an adverse finding on an issue on which he had the burden of proof, i.e., challenging the jury's finding as a "matter of law," he must demonstrate on appeal that the evidence conclusively established all the vital facts in support of the issue. *Sterner v. Marathon Oil Company,* 767 S.W.2d 686, 690 (Tex.1989); *see also Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982); *Montes v. Texas Employers' Insurance Association,* 779 S.W.2d 485 (Tex.App.—El Paso 1989, writ denied); *Smith v. Central Freight Lines, Inc.,* 774 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1989, writ denied); *Ritchey v. Crawford,* 734 S.W.2d 85, 86 (Tex.App.—Houston [1st Dist.] 1987, no writ). This Court must employ a two prong test in reviewing a "matter of law" challenge. First, this Court examines the record for ·evidence that supports the finding, while ignoring all the evidence to the contrary. *Sterner,* 767 S.W.2d at 690; *Holley,* 629 S.W.2d at 696; *Montes,* 779 S.W.2d at 487. If there is no evidence to support the finding, we then examine the whole record to determine if the contrary position is established as a matter of law. *Sterner,* 767 S.W.2d at 690; *Holley,* 629 at S.W.2d at 696–97; *Texas & N.O.R., Co. v. Burden,* 146 Tex. 109, 203 S.W.2d 522, 530 (1947); *Montes,* 779 S.W.2d at 487; *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Company,* 766 S.W.2d 264, 276 (Tex.App.—Amarillo 1988, writ denied). Finally, if the contrary position is established conclusively by the evidence, the point of error will be sustained. *Meyerland Community Improvement Association v. Temple,* 700 S.W.2d 263, 267 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly

[1]. Although the charge as submitted appears to violate the requirement of broad form submission, Appellant has not assigned such apparent violation as error. Consequently, the record will be reviewed as if the question answered by the jury was proper.

unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson*, 239 S.W.2d 792 (Tex.1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (Tex.1947); *Clark v. National Life & Accident Ins. Co.*, 145 Tex. 575, 200 S.W.2d 820 (1947).

Portions of Rachel Chandler's deposition which were read into evidence showed her belief she was divorced. Moreover, the jury heard her live testimony as well as deposition testimony, both of which stated her belief that a Mexican judge had granted her a divorce from her former husband. Although Rachel Chandler's testimony coupled with a document from the Mexican civil registry establish that no record of the divorce exists, the jury also heard evidence Mrs. Chandler received "a paper" evidencing the divorce and that the divorce was granted in response to a beating by Pablo Tovar. Moreover, the record establishes that at the time of the divorce, Rachel Chandler was unable to read and write. Finally, after the alleged granting of divorce, Rachel Chandler no longer continued to live with Pablo Tovar. The record further demonstrates that Richard

Chandler testified that when he first met Rachel Chandler she told him her name was Raquel Montano. The couple's marriage certificate also identifies her as Raquel Montano. However, Rachel Chandler married Pablo Tovar under the name of Maria Guadalupe Pacheco Montano, and Rachel Chandler's daughter's birth certificate lists Maria Guadalupe Pacheco as the mother. In fact, Rachel's mother's maiden name is Montano and her father's name is Pacheco. In an attempt to explain the inconsistencies, Mrs. Chandler testified that although she had no documentation to prove it, her grandfather had "registered" her as Raquel; this despite her mother's wish that she be named Maria Guadalupe Pacheco Montano. Additionally, Appellee testified that the reason the marriage certificate shows her as Raquel Montano is because the clerk became confused and erroneously put her mother's maiden name down instead of her father's. Whatever the explanation, there was evidence Richard Chandler knew of both last names and was fully aware that each last name could have been applied to her.

After reviewing the evidence pursuant to the requisite standards, there is competent evidence to support the jury's finding, and this finding is also not against the great weight and preponderance of the evidence. Appellant's second and third points of error are overruled.

In Points of Error Nos. Four and Five, Appellant assigns error to the court's submission of an instruction regarding the presumption of validity accorded by Texas law to a person's most recent marriage. Tex. Fam.Code Ann. § 2.01 (Vernon 1975).[2]

**2.** Section 2.01 of the Texas Family Code provides in full:

> In order to promote the public health and welfare and to provide the necessary records, this code prescribes detailed and specific rules to be followed in establishing the marriage relationship. However, in order to provide stability for those entering into the marriage relationship in good faith and to provide legitimacy and security for the children of the relationship, it is the policy of this state to preserve and uphold each marriage against claims of invalidity unless strong reasons exist for holding it void or voidable. Therefore,

> every marriage entered into in this state is considered valid unless it is expressly made void by this chapter or unless it is expressly made voidable by this chapter and is annulled as provided by this chapter. When two or more marriages of a person to different spouses are alleged, the most recent marriage is presumed to be valid as against each marriage that precedes it until one who asserts the validity of a prior marriage proves its validity. Tex.Fam.Code Ann. 2.01.

The court's instruction to the jury consisted only of the last sentence of Section 2.01 but added

■ "Trial courts are allowed 'considerable discretion in deciding which instructions are necessary and proper.'" *Texas Employers Insurance Association v. Duree,* 798 S.W.2d 406, 412 (Tex.App.—Fort Worth 1990, writ denied) (opinion on motion for rehearing) (quoting *Johnson v. Whitehurst,* 652 S.W.2d 441, 447 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). However, this Court determines if there was error by the trial court in instructing or failing to instruct, and whether that error was harmful or amounted to an abuse of discretion. *Denman v. Burris,* 815 S.W.2d 793, 796 (Tex.App.—El Paso 1991, writ denied); *Barham v. Turner Construction Company of Texas,* 803 S.W.2d 731, 735 (Tex.App.—Dallas 1990, writ denied). To constitute an abuse of discretion, the error in the charge must have caused or be reasonably calculated to have caused rendition of an improper verdict. Tex.R.App.P. 81(b)(1); *Magro v. Ragsdale Brothers, Inc.,* 721 S.W.2d 832, 836 (Tex.1986); *Chemical Express Carriers, Inc. v. Pina,* 819 S.W.2d 585, 589 (Tex.App.—El Paso 1991, writ denied); *Minchen v. Rogers,* 596 S.W.2d 179, 183 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); see *InterFirst Bank Dallas, N.A. v. Risser,* 739 S.W.2d 882, 887 (Tex.App.—Texarkana 1987, no writ). In order to make this determination, this Court is asked to examine the record as a whole. *Denman,* 815 S.W.2d at 796.

Appellant contends giving the instruction was erroneous insofar as Richard and Rachel Chandler were married in Mexico; and that the presumption only applies when the second or most recent marriage took place in Texas.[3] Tex.Fam.Code Ann. § 2.01; *Bolash v. Heid,* 733 S.W.2d 698, 699 (Tex.App.—San Antonio 1987, no writ).

■ While it is unclear from a cursory reading of the statute whether the above presumption only applies when the most recent marriage was performed in Texas, the portion of Section 2.01 providing for the presumption does not limit it solely to Texas marriages. Tex.Fam.Code Ann. § 2.01. Moreover, cases prior and subsequent to enactment of Section 2.01, in 1970, have applied the presumption to "foreign" marriages. *See Davis v. Davis,* 521 S.W.2d 603, 604–05 (Tex.1975) (presumption, though subsequently rebutted, applied to marriage performed in Singapore). *Schacht v. Schacht,* 435 S.W.2d 197 (Tex.Civ.App.—Dallas 1968, no writ) (presumption, though subsequently rebutted, applied to marriage performed in New York). Moreover, in this state, as in other jurisdictions, the presumption in favor of validity of a marriage, properly entered into, remains one of the strongest in law. *Texas Employers' Insurance Association v. Elder,* 155 Tex. 27, 282 S.W.2d 371, 373 (Tex. 1955). Consequently, we find that the trial court did not err by including the instruction. Appellant's Points of Error Nos. Four and Five are overruled.

Appellee raises two cross-points on appeal. First, she contends it was not error for the trial court to deny relief to Appellant because Appellant was not entitled to any relief as a matter of law. Having found adverse to Appellant on the foregoing points, we need not reach Appellee's first cross-point.

■ Second, Appellee assigns error to the jury's finding that she receive no attorneys' fees and further argues the jury's answer was against the great weight and preponderance of the evidence. Generally, as to cross-points, an appellee need not perfect a separate appeal or file a cost bond. *Warren v. Triland Investment Group,* 779 S.W.2d 808 (Tex.1989); *Donwerth v. Preston II Chrysler–Dodge,* 775

---

the phrase "by a preponderance of the evidence" after "validity."

**3.** Appellant additionally argues on appeal that the instruction amounts to a comment on the weight of the evidence or an instructed verdict "in favor of Appellee on the issue of fraud in the suit for Bill of Review and on the issue of the existence of a prior undissolved marriage."

However, those specific objections were not made at trial. It is well established that "a party is confined to the jury-instruction objection made at trial; any variant complaint on appeal is waived." *Lakeway Land Company v. Kizer,* 796 S.W.2d 820, 825 (Tex.App.—Austin 1990, writ denied). Thus, any error regarding those matters is not properly before this Court.

S.W.2d 634 (Tex.1989). However, a cross-point is waived where the appellee failed to preserve error by excepting to or in any way informing the court of its dissatisfaction of the judgment. *Larrumbide v. Doctors Health Facilities*, 734 S.W.2d 685, 693–94 (Tex.App.—Dallas 1987, writ denied); *Western Construction Company v. Valero Transmission Company*, 655 S.W.2d 251, 256 (Tex.App.—Corpus Christi 1983, no writ); *Chappell v. Dwyer*, 611 S.W.2d 158 (Tex.App.—El Paso 1981, no writ). In that regard, the record fails to reflect whether Appellee filed a motion for new trial or otherwise excepted to the entry of judgment in any way. Accordingly, Appellee has failed to preserve any error for review and her second cross-point is overruled.

Having overruled each of Appellant's points of error, as well as each of Appellee's cross-points, the judgment of the trial court is affirmed.