Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JAY E. BURKE,


 Appellant,


v.


DELORES ANN BURKE,


 Appellee.

§


§


§


§


§

No. 08-02-00039-CV


Appeal from the


199th Judicial District Court


of Collin County, Texas


(TC# 85-109D-199)


M E M O R A N D U M O P I N I O N



 This is an appeal from an Order on Motion for Clarification of Prior Order
interpreting a divorce decree. For the reasons stated, we reverse and remand.

I. SUMMARY OF THE EVIDENCE


 Appellant, Jay E. Burke, and Appellee, Delores Ann Burke, were divorced on October
23, 1985. At that time, Appellee was awarded $179 per month of Appellant's future
retirement benefit valued at $358 per month to be paid from the "Bell System Management
Pension Plan." The benefit was to be paid to Appellee "if, as and when" the retirement was
received by Appellant. The decree further stated that Appellant was to be a "constructive
trustee" for receiving Appellee's retirement and that he was to pay her within three (3) days
after receiving his payment. Appellant elected to take early retirement at age 60 and received
his retirement in the lump sum amount of $438,767.81 on August 15, 1998 as a participant
in the "AT&T Management Pension Plan." 

 In May, 2000, Appellee filed a Motion for Clarification of Prior Order. She requested
the trial court 1) construe and clarify its order in the event of a lump sum payment of
Appellant's retirement benefits; 2) clarify when payment of the proceeds was to have begun;
and 3) clarify a reasonable time within which compliance would be required. After a bench
trial, the court ordered Appellant to pay Appellee $91,263.71 plus ten (10) percent interest
per annum from August 15, 1998. The court found that the amount of interest awarded from
August 15, 1998 to August 3, 2001 was $21,104.07 and that the daily interest rate was
$25.003. Thereafter, the court entered an agreed order in which Appellant was allowed to
supersede the court's order of September 27, 2001 pursuant to Texas Rule of Appellate
Procedure 24.1(d) and ordered to deposit $129,000 with the district clerk. Tex. R. App. P.
24.1(d). The court entered its findings of fact and conclusions of law on November 30, 2001. 
This appeal follows. 
II. DISCUSSION

 Appellant brings two issues on appeal. (1) In Issue No. One, Appellant argues that the
trial court violated Section 9.007 of the Texas Family Code in "translating" the Final Decree
of Divorce pursuant to the motion to clarify with regards to the two pension plans involved
in the matter. In Issue No. Two, Appellant argues that the trial court violated Section 9.007
of the Texas Family Code in "translating" the $179 per month payment, awarded by the
decree as a defined term payment (payment to terminate upon the death of Appellee), into
a lump sum award of $91,263.71 payable immediately. We read these issues together as a
challenge to the sufficiency of the evidence and a contention that Appellant is urging no
evidence to support the trial court's findings of fact and conclusion of law as a matter of law.

A. Standard of Review

 The trial court's conclusions of law are not binding on the reviewing court; instead,
we are free to draw our own legal conclusions. Dechon v. Dechon, 909 S.W.2d 950, 954-55
(Tex. App.--El Paso 1995, no writ). A trial court's conclusions of law are reviewable under
the de novo standard. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

 A "no evidence" or legal insufficiency point is a question of law which challenges the
legal sufficiency of the evidence to support a particular fact finding. There are two separate
"no evidence" claims. When the party having the burden of proof suffers an unfavorable
finding, (2) the point of error challenging the legal sufficiency of the evidence should be that
the fact or issue was established as "a matter of law." When the party without the burden of
proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to
support the finding." In re Estate of Livingston v. Nacim, 999 S.W.2d 874, 876 (Tex. App.--El Paso 1999, no pet.); See Creative Mfg, Inc. v. Unik, Inc., 726 S.W.2d 207, 210 (Tex.
App.--Fort Worth 1987, writ ref'd n.r.e.).

 When attacking the legal sufficiency of the evidence to support an adverse finding on
an issue for which he had the burden of proof, i.e., challenging the trial court's finding as a
matter of law, the Appellant must demonstrate on appeal that the evidence conclusively
established all the vital facts in support of the issue. In re Estate of Livingston, 999 S.W.2d
at 879; Sterner v. Marathon Oil Company, 767 S.W.2d 686, 690 (Tex. 1989); Kratz v. Exxon
Corp., 890 S.W.2d 899, 902 (Tex. App.--El Paso 1994, no writ); Chandler v. Chandler, 842
S.W.2d 829, 832 (Tex. App.--El Paso 1992, writ denied). A party attempting to overcome
an adverse fact finding as a matter of law must surmount two hurdles. In re Estate of
Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690. First, the record must be
examined for evidence that supports the finding, while ignoring all evidence to the contrary. 
In re Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890
S.W.2d at 902. Second, if there is no evidence to support the finding, then, the entire record
must be examined to see if the contrary proposition is established as a matter of law. In re
Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at
902. Only if the contrary position is conclusively established will the point of error be
sustained. In re Estate of Livingston, 999 S.W.2d at 879; Kratz, 890 S.W.2d at 902;
Chandler, 842 S.W.2d at 832.

 In reviewing a factual sufficiency point of error, the appeals court must weigh all of the
evidence in the record. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). Findings of fact may
be overturned only if they are so against the great weight and preponderance of the evidence
as to be clearly wrong and unjust. Id. In that event, the appeals court must state clearly why
the finding is factually insufficient or so against the great weight and preponderance as to be
manifestly unjust. Id.

 An "insufficiency" point invokes a broader standard, requiring this Court to consider all
of the evidence and ascertain whether the evidence supporting the finding is so weak, or the
evidence to the contrary so overwhelming, that the finding should be set aside and a new trial
ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). 

B. Analysis

 The Texas Family Code authorizes subsequent actions to either enforce a prior decree,
Tex. Fam. Code Ann. §§ 9.006, 9.007 (Vernon 1998), or to clarify an ambiguous decree. Tex.
Fam. Code Ann. § 9.008 (Vernon 1998). A court "may render further orders to enforce the
division of property made in the decree of divorce . . . to assist in the implementation of or to
clarify the prior order." Tex. Fam. Code Ann. § 9.006(a) (Vernon 1998). Furthermore, a party
"may petition a court to render a qualified domestic relations order . . . if the court that rendered
a final decree of divorce . . . dividing property under this chapter did not provide a qualified
domestic relations order . . . ." Tex. Fam. Code Ann. § 9.103 (Vernon 1998). But, a court may
not amend, modify, alter, or change "the division of property made or approved in the decree,"
and an "order to enforce the division is limited to an order to assist in the implementation of or
to clarify the prior order and may not alter or change the substantive division of property." Tex.
Fam. Code Ann. § 9.007(a) (Vernon 1998). Upon a finding "that the original form of the
division of property is not specific enough to be enforceable by contempt, the court may render
a clarifying order setting forth specific terms to enforce compliance with the original division
of property." Tex. Fam. Code Ann. § 9.008(b) (Vernon 1998).

 Thus, enforcement is limited to aiding or clarifying the prior decree. Dechon, 909
S.W.2d at 956 (citing Pierce v. Pierce, 850 S.W.2d 675, 679 (Tex. App.--El Paso 1993, writ
denied)). If the court's plenary power has expired, it may not substantially change the
allocation of property in the original decree. See Reinauer v. Reinauer, 946 S.W.2d 853, 861
(Tex. App.--Amarillo 1997, writ denied). Further, clarification requires a finding, express or
implied, that the original form of the division of property lacks sufficient specificity to be
enforced by contempt. Alford v. Alford, 40 S.W.3d 187, 189 (Tex. App.--Texarkana 2001, no
pet.); Tex. Fam. Code Ann. § 9.008(b) (Vernon 1998). If a divorce decree is unambiguous,
the court has no authority to alter or modify the original disposition of property. Haworth v.
Haworth, 795 S.W.2d 296, 300 (Tex. App.--Houston [14th Dist.] 1990, no writ).

 In Issue No. One, Appellant maintains that the trial court violated Section 9.007 of the
Texas Family Code in translating the Final Decree of Divorce with regards to the Pension Plan. 
Section 9.007 provides: 

(a) A court may not amend, modify, alter, or change the division of property
made or approved in the decree of divorce or annulment. An order to enforce
the division is limited to an order to assist in the implementation of or to
clarify the prior order and may not alter or change the substantive division of
property.


(b) An order under this section that amends, modifies, alters, or changes the
actual, substantive division of property made or approved in a final decree of
divorce or annulment is beyond the power of the divorce court and is
unenforceable.


(c) The power of the court to render further orders to assist in the
implementation of or to clarify the property division is abated while an
appellate proceeding is pending.


Tex. Fam. Code Ann. § 9.007 (Vernon 1998). 

 The relevant portions of the divorce decree provide: 

The Court finds that JAY E. BURKE is a participant in the retirement plan
known as the "Bell System Management Pension Plan" and would receive a
monthly retirement benefit as of the date of this decree, if he were eligible for
retirement (whether or not eligible), of $358.00.


IT IS ORDERED and DECREED that DELORES ANN BURKE shall have
judgment against and recover of and from JAY E. BURKE $179.00 per
month, payable if, as and when the retirement is received by JAY E. BURKE
from the Bell System Management Pension Plan.


IT IS FURTHER ORDERED and DECREED that JAY E. BURKE is
designated a constructive trustee for receiving DELORES ANN BURKE'S
retirement, and JAY E. BURKE is ORDERED and DIRECTED TO directly
pay the benefit defined above to DELORES ANN BURKE within three (3)
days after receipt by JAY E. BURKE. All payments made directly to
DELORES ANN BURKE by JAY E. BURKE shall be a credit against this
obligation.


DELORES ANN BURKE is ORDERED and DIRECTED TO report the
retirement payment received on any applicable income tax return. The pension
trustee is authorized to issue a form W-2P on any direct payments made to
DELORES ANN BURKE.


The benefit awarded to DELORES ANN BURKE shall terminate upon the
death of DELORES ANN BURKE. 


 Respondent is awarded the following as Respondent's sole and separate
property, and Petitioner is divested of all right, title, interest and claim in and
to such property:


. . . 


12. Any and all sums, whether matured or unmatured, accrued or unaccrued,
vested or otherwise, together with all increases thereof, net proceeds therefrom
and any other rights related to any profit sharing plan, retirement plan, pension
plan, employee stock plan, employee savings plan, accrued unpaid bonuses or
other benefit programs existing by reason of Respondent's past, present or
future employment, except the following portion awarded to DELORES ANN
BURKE hereinabove. 


 The relevant portions of the trial court's findings of fact provide that at the time the
divorce was granted, Appellee was awarded one-half of the total in the Bell System
Management Pension Plan and that the Bell System Management Pension Plan became the
AT&T Management Pension Plan. The relevant portions of the trial court's conclusions of law
are as follows:

3. The Court concluded the above stated portion of the October 23, 1985 order
was not specific enough to be enforced by contempt and should be clarified.


4. The Court concluded it was necessary to render a clarifying order setting
forth specific terms to enforce compliance with the original division of the
Bell System Management Pension Plan/AT&T Management Pension Plan.


5. The Court concluded Jay E. Burke amended, altered, modified and changed
the manner in which Delores Ann Burke was to receive her one-half of the
Bell System Management Pension Plan/AT&T Management Pension Plan
when he elected to receive a lump sum payment.


6. The Court concluded in order to assist in the implementation of the
enforcement of the division of the Bell System Management Pension
Plan/AT&T Management Pension Plan awarded to Delores Ann Burke it is
necessary to clarify the prior order of October 23, 1985.


7. The Court concluded it would not be altering or changing the substantive
division of the Bell System Management Pension Plan/AT&T Management
Pension Plan by awarding Delores Ann Burke a lump sum payment of
$91,263.71.

8. The Court concluded $91,263.71 represented one-half of the Bell System
Management Pension Plan/AT&T Management Pension Plan at the time of
divorce on October 23, 1985.


9. The Court concluded interest should accrue on the $91,263.71 at an annual
rate of 10% beginning August 15, 1998.


10. The Court concluded the amount of interest awarded to Delores Ann
Burke Beginning August 15, 1998 to August 2, 2001 is $27,104.07.


11. The Court concluded the daily interest rate is $25.003 per day. 


 In his first contention under Issue No. One, Appellant argues that the court erred in
finding that at the time the divorce was granted, Appellee was awarded one-half of the total in
the Bell System Management Pension Plan because the decree is unambiguous that Appellee
was awarded one-half of the then present value of the community interest in the Plan. The Final
Decree of Divorce specifically awarded all subsequent enhancements in the value of the pension
or retirement plan, together with all other pension or retirement plans, to Appellant. Under
Texas law, pension benefits accruing for services rendered after a divorce are not part of the
parties' community estate subject to a just-and-right division. Berry v. Berry, 647 S.W.2d 945,
947 (Tex. 1983); Bloomer v. Bloomer, 927 S.W.2d 118, 122 (Tex. App.--Houston [1st Dist.]
1996, writ denied). By awarding Appellee a lump sum payment in am amount not related to the
original reward and based upon no articulated evidence, the trial court made a substantive
change that was beyond its authority to make. See, e.g., In re Marriage of Reinauer, 946
S.W.2d at 862 (holding that trial court's award of interest on former wife's share of retirement
proceeds substantively modified former husband's duties under original decree and therefore
exceeded the trial court's jurisdiction); Valencia v. Valencia, 792 S.W.2d 565, 567 (Tex. App.--El Paso 1990, no writ) (holding that trial court's imposition of an obligation to pay $13,100
when no such obligation previously existed impermissibly changed, modified and altered
provisions of divorce decree).

 The appellate record is extremely sparse and totally lacking in substantive evidence to
properly dispose of this matter. Apparently, at the time of the divorce, Appellant had
participated in a pension plan known as the "Bell System Management Plan" and those benefits
were divided and described in the divorce decree entered October 23, 1985. Somehow, between
the time of divorce and the time of the hearing on the motion to clarify, but not clear from the
record, Appellee earned and received a benefit from a plan called the "AT&T Management
Pension Plan". The record contains no evidence to explain how the plans are related and how
the benefits under each belong to Appellant. The plan documents were not included in the
record and there was no testimony presented by either party that explained the transition or
"translation" of one plan into the other. Further, the record contains no discussion of the value
in the "Bell System Management Plan" of the interest in the benefit belonging to the Appellee
at the time of divorce and its subsequent value at the time of the hearing. It appears from the
record, that an actuarial determination of the value of the benefit of the sum certain of a $179
dollar per month payment to begin at Appellant's age 65 and tied to the life expectancy of
Appellee, could be ascertained with the appropriate evidence. Such testimony might provide
support for a judicial clarification awarding a lump sum instead of a monthly payment in light
of the lump sum distribution apparently received by Appellant. Alternatively, the trial court
could also determine that the decree provided for an immediate commencement of the payment
obligation of the sum of $179 at the time of the receipt of the benefit by Appellant, until the
death of the Appellee (3). Clearly, the payment of a lump sum distribution of Appellant's pension
benefit was not contemplated by the parties at the time of the divorce and was not addressed in
the decree. That situation could properly justify review and clarification by the trial court. It
does not, however, necessarily equate to a lump sum payment as awarded by the court, without
the appropriate evidentiary support. Further, the lump sum award appears to include an interest
in the retirement benefits earned by Appellant in the time period subsequent to the divorce. 
Again, the record is woefully incomplete and contains no explanation of the type of benefits
being divided so this court is unable to determine the proper relationship between the figures
described in the decree and the distribution received by the Appellant. Though it is clear from
the record that Appellant has been less than candid with Appellee in his dealings with her, the
law provides that she is only entitled to the value of the property awarded at the time of the
divorce, no more, no less. 

 Because Texas law prohibits a trial court from amending or changing the division of
property established by a divorce decree, we remand this case to the trial court for further
proceedings consistent with this opinion. It is clear that the trial court must be provided
additional evidence to clarify the prior decree and determine the correct value of the interest in
the property belonging to Appellee and the manner in which it should be distributed,
recognizing that the trial court does not have the right to change the division of property
awarded in the 1985 decree. Because there is no evidence in the record to support the trial
court's determination that the Appellee should receive a lump sum distribution and there is no
evidence in the record to established that the "Bell System Management Plan" and the "AT&
T Management Pension Plan" are the same entities, we sustain Appellant's Issue Nos. One and
Two. 

 Having sustained Appellant's Issue Nos. One and Two, and finding that we need not
address all remaining contentions on appeal, we reverse the cause and remand it to the trial
court for further proceedings consistent with this opinion.

April 15, 2004




 RICHARD BARAJAS, Chief Justice




Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.
1. Appellant brings several Points of Error under Issue No. One. These points are disposed of with the
disposition of Issue No. One. 
2. This is sometimes referred to as a "failure to find" or a "non-finding."
3. The decree does not describe the consequences of the death of Appellant on Appellee's benefit.