Criminal Case Template









 





COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





BEST BUMPER SUPPLY, INC.,

 

 Appellant,


v.


LORRIE LOU COTERILL,


 Appellee.


§


§


§


§


§


§


No. 08-02-00021-CV


Appeal from the


303rd Judicial District Court


of Dallas, Texas


(TC# 99-20905)



M E M O R A N D U M O P I N I O N



 This is an appeal filed by Appellant, intervenor below in a divorce action filed
between Glenn Alan Coterill as Petitioner, and Appellee, Lorrie Lou Coterill as Respondent
below. Appellant is a corporation solely owned by Glenn Alan Coterill. Appellant
participated in the trial of the case below as an intervenor pursuing a claim against Appellee. 

The trial court entered a take-nothing judgment against Appellant. For the reasons stated,
we affirm.

I. SUMMARY OF THE EVIDENCE


 Glenn Alan Coterill ("Glenn Coterill") and Appellee, Lorrie Lou Coterill, were
married on May 2, 1981. Glenn Coterill filed an Original Petition for Divorce on December
13, 1999. On April 18, 2002, Appellee filed an Original Counter-Petition for Divorce and
requested that a temporary restraining order be issued prohibiting Glenn Coterill from,
among other things, taking any actions that might adversely affect the value of any
community property including Appellant, Best Bumper Supply Inc., ("BBS"). A temporary
restraining order was issued on April 21, 2000. On April 28, 2000, Appellant, "BBS," filed
its Plea in Intervention and Application for Injunctive Relief asserting various claims against
Lorrie Lou Coterill individually. 

 BBS, a Texas Corporation whose stock is owned 100 percent by Glenn Coterrill,
alleged that Appellee withdrew $60,000 from BBS' corporate account on April 3, 2000,
without the consent or direction of the board of directors. BBS requested a temporary
restraining order prohibiting Appellee from withdrawing additional funds from BBS'
corporate accounts and ordering that the funds be returned or the remaining balance be frozen
and that an accounting be filed. BBS also filed claims against Appellee related to alleged
unauthorized charges to a corporate credit card, alleged conversion of a hog, and alleged
negotiation of a reportedly lost payroll check. Further, BBS asserted causes of action for
breach of fiduciary duty, misappropriation of corporate funds, conversion, unauthorized use
of credit cards, fraud, breach of duty of loyalty, breach of duty of care, and self-dealing. 
Prior to the final trial on the divorce, numerous hearings regarding the claims of BBS were
held and the court issued a series of orders regarding the funds in question essentially
freezing the remaining funds and ordering an accounting of all expenditures made by
Appellee. 

 After a bench trial, the court entered the Final Decree of Divorce, divided the
community estate, confirmed separate property, and entered a take-nothing judgment against
BBS. BBS filed its Motion for New Trial and Motion to Modify the Judgment, in which it
requested that the court set aside its previous judgment and render a money judgment against
Appellee in the amount of 1) $30,368.82 for the remainder of funds withdrawn from BBS'
corporate account; 2) $13,023.90 for unauthorized personal charges by Appellee on BBS'
corporate charge accounts; and 3) $420,000 for damages related to a breach of Appellee's
fiduciary duties. BBS also requested that the court make findings of fact and conclusions of
law. 

 The trial court entered its findings of fact and conclusions of law on November 5,
2001. The court made the following findings:

1. At all relevant times Petitioner and Respondent were married and owned
stock in BBS with regard to the actions asserted by BBS.


2. In a prior lawsuit, by settlement and release, Petitioner, Respondent, and
BBS resolved all claims and actions asserted or assertable among them
arising from actions occurring prior to May 28, 2000.


3. The stock in BBS was the property of the community estate of Petitioner
and Respondent.


4. Respondent was a signatory on and had a right to withdraw funds from
BBS' bank account.


5. There was no credible evidence presented that Respondent was a
director, officer and employee of BBS with regard to the actions asserted
by BBS. There was no credible evidence presented that Respondent owed
a fiduciary duty to BBS.


6. There was no credible evidence presented that Respondent made
unauthorized withdrawals from BBS' bank account.


7. The Court took BBS' take nothing judgment into consideration in
valuing BBS for purposes of a just and right division with regard to
Petitioner and Respondent's related divorce suit.


8. There was no credible evidence presented that Respondent made
unauthorized charges on BBS' American Express account.


9. Respondent was an authorized user of BBS' American Express account.


10. No credible evidence was presented that Respondent misrepresented to
BBS that she withdrew $60,000 from the BBS bank account.


11. No credible evidence was presented that BBS was deceived by
Respondent with respect to the withdrawal of the $60,000.


12. No credible evidence was presented that BBS relied on any false
assertions made by Respondent with respect to the $60,000 withdrawn from
BBS' bank account.


13. No credible evidence was presented that Respondent unlawfully
exercised dominion and control over the $60,000 from the BBS bank
account.


14. No credible evidence was presented that Respondent misrepresented to
BBS that she took a hog from BBS.


15. No credible evidence was presented that BBS was deceived by
Respondent with respect to the hog from BBS.


16. No credible evidence was presented that BBS relied on any false
assertions made by Respondent with respect to the hog from BBS.


17. No credible evidence was presented that Respondent unlawfully
exercised dominion and control over the hog that she took from BBS.


18. No credible evidence was presented that Respondent misrepresented to
BBS that she lost paycheck #11825 from BBS.


19. No credible evidence was presented that BBS was deceived by
Respondent with respect to Respondent's assertion that she lost paycheck
#11825 from BBS.


20. No credible evidence was presented that BBS relied on any false
assertions made by Respondent with respect to paycheck #11825 from BBS.


21. There was no credible evidence that Respondent negotiated paycheck
#11825 from BBS.


22. Petitioner, as the sole stockholder of BBS, hired Hamilton and
Hamilton, P.C. to file suit on behalf of BBS against Respondent in this
matter.


23. There was no credible evidence that Respondent acted willfully,
maliciously or with intent to harm BBS.


24. There was no contract between Respondent and BBS with respect to
any of the actions asserted by BBS. 


The court entered the following conclusions of law:

1. BBS' claims concerning Respondent's actions occurring prior to May
28, 2000 are barred by res judicata and collateral estoppel.


2. BBS' claims concerning Respondent's actions occurring prior to May
28, 2000 are barred by release, accord and satisfaction, settlement, waiver
and estoppel.


3. The suits brought by BBS against Respondent were directed by
Petitioner, in his capacity as officer of BBS, and were an attempt to
circumvent the bar to such causes of action set forth in Schlueter v.
Schlueter, 975 S.W.2d 584 (Tex. 1998).


4. The stock in BBS was the community property of Petitioner and
Respondent.


5. Respondent did not owe a fiduciary duty to BBS.


6. Respondent did not commit fraud against BBS.


7. Respondent did not convert the property of BBS.


8. BBS is not entitled to restitution from Respondent.


9. No credible evidence was presented that Respondent owed a fiduciary
duty to BBS.


10. No credible evidence was presented that Respondent unlawfully
exercised dominion and control over BBS assets.


11. No credible evidence was presented that Respondent lacked the
authority to exercise dominion and control over BBS assets.


12. No credible evidence was presented that there was a contract between
BBS and Respondent. 

II. ISSUES ON APPEAL


 On appeal, BBS presents four issues attacking the take-nothing judgment entered by
the trial court. In a bench trial, factual and legal sufficiency challenges to the trial court's
findings of fact are reviewable under the same standards that are applied in reviewing
evidence supporting a jury's verdict. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).
We review a trial court's conclusions of law de novo. Austin Hardwoods, Inc. v. Vanden
Berghe, 917 S.W.2d 320, 322 (Tex. App.--El Paso 1995, writ denied).

 In Issue Number One, BBS argues that the court erred in denying its Motion for Entry
of Judgment as to the unreturned portion of the $60,000, the charges made to BBS' credit
accounts, and the "replaced" paycheck. In the argument portion of its brief, BBS argues that 
the trial court committed error as a matter of law by not requiring Appellee to repay BBS the
funds involved in the disputed transactions and that, alternatively, the court abused its
discretion by refusing to grant BBS' Motion for Judgment and Motion for New Trial. In its
argument, BBS attacks the specific factual findings of the trial court, asserting that there was
no evidence to support the trial court's findings. Because this issue is presented as a hybrid
of various issues with multiple complaints about the ruling, we read this as a "no evidence"
or legal insufficiency point of error challenging the legal sufficiency of the evidence as a
matter of law. 

 In Issue Number Two, BBS asserts that the court erred when it found that all claims
prior to May 28, 2000 by BBS against Appellee were barred by res judicata, collateral
estoppel, release, accord and satisfaction, settlement, waiver and estoppel.

 In Issue Number Three, BBS argues that the court erred when valuing the business
for the purpose of dividing the community property between the spouses when it took into
consideration the claims BBS alleged against Appellee.

 In Issue Number Four, BBS asserts that the trial court erred when it found that BBS'
claims were an improper attempt to circumvent the bar to such causes of action set forth in
Schlueter v. Schlueter, 975 S.W.2d 584 (Tex. 1998). 

III. STANDARD OF REVIEW

 A "no evidence" or legal insufficiency point is a question of law which challenges the
legal sufficiency of the evidence to support a particular fact finding. There are two separate
"no evidence" claims. When the party having the burden of proof suffers an unfavorable
finding, (1) the point of error challenging the legal sufficiency of the evidence should be that
the fact or issue was established as "a matter of law." When the party without the burden of
proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to
support the finding." In re Estate of Livingston v. Nacim, 999 S.W.2d 874, 876 (Tex. App.--El Paso 1999, no pet.); See Creative Manufacturing, Inc. v. Unik, Inc., 726 S.W.2d 207, 210
(Tex. App.--Fort Worth 1987, writ ref'd n.r.e.).

 When attacking the legal sufficiency of the evidence to support an adverse finding on
an issue for which he had the burden of proof, i.e., challenging the trial court's finding as a
matter of law, the appellant must demonstrate on appeal that the evidence conclusively
established all the vital facts in support of the issue. In re Estate of Livingston, 999 S.W.2d
at 879; Sterner v. Marathon Oil Company, 767 S.W.2d 686, 690 (Tex. 1989); Kratz v. Exxon
Corp., 890 S.W.2d 899, 902 (Tex. App.--El Paso 1994, no writ); Chandler v. Chandler, 842
S.W.2d 829, 832 (Tex. App.--El Paso 1992, writ denied). A party attempting to overcome
an adverse fact finding as a matter of law must surmount two hurdles. In re Estate of
Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690. First, the record must be
examined for evidence that supports the finding, while ignoring all evidence to the contrary. 
In re Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890
S.W.2d at 902. Second, if there is no evidence to support the finding, then, the entire record
must be examined to see if the contrary proposition is established as a matter of law. In re
Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at
902. Only if the contrary position is conclusively established will the point of error be
sustained. In re Estate of Livingston, 999 S.W.2d at 879-80; Kratz, 890 S.W.2d at 902;
Chandler, 842 S.W.2d at 832.

 In reviewing a factual sufficiency point of error, the appeals court must weigh all of the
evidence in the record. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). Findings of fact may
be overturned only if they are so against the great weight and preponderance of the evidence
as to be clearly wrong and unjust. Id. In that event, the appeals court must state clearly why
the finding is factually insufficient or so against the great weight and preponderance as to be
manifestly unjust. Id.

 An "insufficiency" point invokes a broader standard, requiring this Court to consider all
of the evidence and ascertain whether the evidence supporting the finding is so weak, or the
evidence to the contrary so overwhelming, that the finding should be set aside and a new trial
ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). 

 When a party appeals from a nonjury trial, it must complain of specific findings and
conclusions of the trial court, because a general complaint against the trial court's judgment
does not present a justiciable question. Fiduciary Mortgage Co. v. City Nat'l Bank, 762 S.W.2d
196, 204 (Tex. App.--Dallas 1988, writ denied). Accordingly, findings of fact and conclusions
of law are mandatory for a party to file to avoid the onerous presumptions that apply in an
appeal from a nonjury trial. When an appellant does not request or file findings and conclusions
by the trial court, the appellate court presumes the trial court found all fact questions in support
of its judgment, and the reviewing court must affirm that judgment on any legal theory finding
support in the pleadings and evidence. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277,
278 (Tex. 1987).

 If the appellant does not challenge the trial court's findings of fact, when filed, these facts
are binding upon both the party and the appellate court. Wade v. Anderson, 602 S.W.2d 347,
349 (Tex. Civ. App.--Beaumont 1980, writ ref'd n.r.e.). Accordingly, it is incumbent for the
appellant to attack the findings by appropriate legal and factual sufficiency points of error.
Lovejoy v. Lillie, 569 S.W.2d 501, 504 (Tex. Civ. App.--Tyler 1978, writ ref'd n.r.e.). In an
appeal of a nonjury trial, findings are specifically and meaningfully tied to appropriate standards
of appellate review and are therefore truly beneficial to appellate review. See Chrysler Corp.
v. Blackmon, 841 S.W.2d 844, 853 (Tex. 1992).

IV. DISCUSSION

 Appellant has presented four issues challenging the trial court's specific findings with
regard to the obligations owed by Appellee to Appellant as a third party intervenor in a
divorce proceeding. The record in this case spans several years and is replete with conflict
and controversy involving the parties. Appellant is in fact a closely held corporation which,
though run by Glenn Coterill and whose stock is 100 percent owned by Glenn Coterill, is a
community asset. The present dispute is further complicated by the fact that Glenn Coterill
is the President of Appellant and has an intimate interest in the outcome of this dispute but
is not a party to this appeal.

 Appellant intervened as a third-party plaintiff and sued Appellee in the divorce action 
below. BBS' complaints focused on allegations that Appellee had improperly withdrawn
funds from BBS' bank account, had made unauthorized charges on a corporate credit card,
had converted a hog owned by BBS to her own use, ha caused a pay check that had been
previously believed to be lost and reissued to be negotiated and finally, claims related to a
breach of fiduciary duty to the corporation. BBS was represented by its own attorney at trial
and participated fully in the proceedings. 

 Appellant's various issues attack the trial courts findings in a rambling and
convoluted argument with numerous sub-points of error raised in the body of the argument.
Appellant's first issue states that, "[t]he court erred when it denied BBS' Motion for Entry
of Judgment as to unreturned portion of the $60,000 withdrawn by Mrs. Coterill from its
bank account, the charges made by her to its other credit accounts, and for the "replaced"
check, and when it failed to grant BBS' Motion for New Trial." This issue does not clearly
direct the parties or this court to the claimed error in the record. In a rambling argument
spanning several pages of its brief with a list of sub-issues that complain of the trial court's
findings of fact and conclusions of law n a series of combined sub-points, Appellant appears
to complain of the trial court's rulings by contending alternatively, that the trial court abused
its discretion as a matter of law because there is no evidence to support the findings or the
findings are against the great weight and preponderance of the evidence such that they are
manifestly unjust. We note that Appellant presents several theories arguing why its causes
of action against Appellee were valid and presents general arguments that there is no
evidence to support the court's findings of fact numbers 4, 5, 6, 8, 13, 18, 19, 20, 21, and 24. 
It also complains of conclusions of law number 5, 8, 9, 10, and 12. Issue Number Two
complains of findings number 2 and conclusions numbers 1 and 2. Issue Number Three
complains of finding number 7. Issue Number Four complains of conclusion of law number
4. The remaining findings of fact and conclusions of law found by the trial court are not
addressed by Appellant. Because they are not addressed or briefed, we hold that any
complaints of appellant regarding the remaining findings of fact or conclusions of law are
waived. 

 Because Appellant had the burden of proof on the allegations against Appellee, the
court's findings were against Appellant on each of these findings. As a result, the proper
point of error is that the court's individual findings are against the "great weight and
preponderance of the evidence." The "insufficient evidence" point of error is appropriate only
when the party without the burden of proof on an issue complains of the court's findings.
Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). We do not, however, hold that this
mischaracterization of the issue is fatal to the appeal. Texas Rules of Appellate procedure
provide that "[t]he statement of an issue or point will be treated as covering every subsidiary
question that is fairly included." Tex. R. App. P. 38.1 (e) As a result, we will consider the
"insufficient evidence" portion of the issue as an allegation that the trial court's judgment is
"against the great weight and preponderance of the evidence." Croucher, 660 S.W.2d at 55.

 Nonetheless, we are presented with another problem in the first issue. The trial court
filed twenty-four findings of fact and twelve conclusions of law. As stated previously,
several of the these individual findings of fact and conclusions of law are not addressed .
Instead, the Appellant challenges the findings of fact and conclusions of law in four issues 
which consolidate its complaints about the trial court's actions, generally stating that the trial
court committed error by ruling against it. 

 Notwithstanding the shortcomings of the first point of error, we have reviewed the
entire reporter's record and find there was ample evidence to support the court's judgment
and the findings of fact are not against the great weight and preponderance of the evidence. 
Findings of fact entered in a case tried to the court are of the same force and dignity as a
jury's verdict upon special issues. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395
(Tex. Civ. App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of
fact are reviewable for legal and factual sufficiency of the evidence to support them, First
Nat. Bank in Dallas v. Kinabrew, 589 S.W.2d 137, 146 (Tex. Civ. App.--Tyler 1979, writ
ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency
of the evidence supporting a jury's answer to a special issue. Okon v. Levy, 612 S.W.2d 938,
941 (Tex. Civ. App.--Dallas 1981, writ ref'd n.r.e.).

 The court heard ample evidence about the relationship among the parties. Both Glenn
Coterill and Appellee had access to and the use of corporate assets including the bank
accounts, credit cards, and the slaughtered hog. The court heard evidence regarding the
habits of both spouses regarding the use of corporate funds and there was ample evidence
presented to support the critical findings made by the trial court with regard to the claim
asserted by Appellant. The bulk of the testimony regarding the issues presented by Appellant
was presented by Glenn Coterill and Appellee. The trial court was free to evaluate the
credibility of each witness and resolve conflicting testimony as the court determined to be
appropriate. Specifically, the trial court found that BBS was property of the community
estate and that there was no credible evidence that Appellee acted improperly with regard to
the $60,000 withdrawn from the BBS bank account, the use of the American Express credit
card, the hog or the lost payroll check. Such findings negate a claim for damages as asserted
by Appellant and further, are supported by the record. 

 Appellee admitted during the trial that the money withdrawn for the corporation
should be considered during the division of the community estate. It is clear from the record
that BBS was a community asset and the corporation was a closely held corporation. The
record showed that both spouses had corporate credit cards and each had access to use the
cards to make charges which were arguably not related to the business of BBS. We
determine that there was ample evidence to support the findings of fact and conclusions of
law challenged by Appellant's Issue Number One, consequently, we overrule Appellant's
Issue Number One.

 Appellant's Issue Number Two complains of the trial court's finding of fact number
two and conclusions of law numbers one and two. In essence, Appellant is contending that
the finding of fact is incorrect because it cites to an incorrect date, May 28, 2000 and a
previous release entered into between the parties that was actually signed on May 15, 1998
and a dismissal with prejudice that was filed on May 28, 1998. The release relates to certain
allegations that, among other things, Appellee had mismanaged and damaged the business
operations of Appellant, BBS. BBS, Glenn Coterill and Lorrie Coterill were all defendants
in the previous action and were signatories to the release. Testimony was presented to the
court which reflected that during the time period prior to the 1998 release, this dysfunctional
relationship had deteriorated to a point where Lorrie Coterill and her mother assumed control
of BBS and excluded Glenn Coterill from participating in the business. The Coterills
decided to reconcile and the settlement was a part of that process. Further, the court heard
evidence about the fact that Lorrie Coterill had not been involved in the business operations
since the time of the settlement and was presented with evidence about the nature of the
previous claims and the substance of the dispute that existed before the settlement and the
dispute that arose after the settlement. The settlement documents and dismissal related to the
previous lawsuit were included as exhibits in the trial of the case. 

 As a result, there is ample evidence to support the court's findings of fact that certain
claims, specifically any which are related to conduct or actions of Lorrie Coterill that predate
the settlement of the prior case, and filed by Appellant against Appellee are barred by res
judicata, collateral estoppel, release accord and satisfaction, settlement, waiver and estoppel. 

 We also note that Appellant did not object to the findings of fact as filed nor inform
the court of the alleged error in the date. Further, Appellant did not file requested findings
of fact or conclusions of law. A party has an obligation to point out deficiencies in the filed
findings of fact or conclusions of law or any complaints regarding same are waived. Because
Appellant did not do so, and because there is ample evidence to support the trial court's
findings, we hold that Appellant's Issue Number Two is overruled.

 Appellant's Issue Number Three contends that the trial court erred when valuing
Appellant for the purpose of dividing the community property between the spouses. The
Family Code clearly empowers trial court judges with the authority and discretion to divide
the community property of a marital estate in connection with a divorce. "In a decree of
divorce or annulment, the court shall order a division of the estate of the parties in a manner
that the court deems just and right, having due regard for the rights of each party and any
children of the marriage. Tex. Fam. Code Ann. § 7.001 (Vernon 1998). 

 We review the trial court's division of property in a divorce action for an abuse of
discretion. Butler v. Butler, 975 S.W.2d 765, 767 (Tex. App.--Corpus Christi 1998, no pet.).
A trial court has wide discretion in making a just and right division. Zorilla v. Wahid, 83
S.W.3d 247, 252 (Tex. App.--Corpus Christi 2002, no pet.). A trial court abuses its
discretion when it divides property on values that were not in evidence. Martin v. Martin,
797 S.W.2d 347, 351 (Tex. App.--Texarkana 1990, no writ). Further, a trial court's division
of property that is manifestly unjust is an abuse of discretion. O'Carolan v. Hopper, 71
S.W.3d 529, 532 (Tex. App.--Austin 2002, no pet.).

 The trial court may consider various factors in making a just and right division
including: (1) spouses' capacities and abilities; (2) benefits which the party not at fault would
have derived from the continuation of the marriage; (3) business opportunities; (4) relative
physical conditions; (5) relative financial conditions and obligations; (6) disparity of ages;
(7) size of separate estates; (8) the nature of the property; and (9) disparity of earning
capacity. Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981); Zorilla, 83 S.W.3d at 252. The
value of community assets is generally determined at the date of divorce. Handley v.
Handley, 122 S.W.3d 904, 907-08 (Tex. App.--Corpus Christi, 2003); Grossnickle v.
Grossnickle, 935 S.W.2d 830, 837 (Tex. App.--Texarkana 1996, writ denied). 

 Findings of fact entered in a case tried to the court have the same force and dignity
as a jury's answers to jury questions. Anderson v. City of Seven Points, 806 S.W.2d 791, 794
(Tex. 1991). Findings of fact are the exclusive province of the trier of fact. Bellefonte
Underwriters Ins. Co. v. Brown, 704 S.W.2d 742, 744-45 (Tex. 1986). A court of appeals
cannot make findings of fact; it can only "unfind" facts. Tex. Nat'l Bank v. Karnes, 717
S.W.2d 901, 903 (Tex. 1986). Unchallenged findings of fact are binding unless the contrary
is established as a matter of law or there is no evidence to support the findings. McGalliard
v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986); Reliance Ins. Co. v. Denton Cent. Appraisal
Dist., 999 S.W.2d 626, 629 (Tex. App.--Fort Worth 1999, no pet.). The trial court's findings
of fact are reviewable for legal and factual sufficiency of the evidence to support them by the
same standards that are applied in reviewing evidence supporting a jury's answer. Zeptner
v. Zeptner, 111 S.W.3d 727, 734 (Tex. App.--Fort Worth, 2003); Ortiz v. Jones, 917 S.W.2d
770, 772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). 

 We do not have to give details of supporting evidence when upholding factual
sufficiency of the evidence underlying the trial court's judgment. Zeptner, 111 S.W.3d at
735. Ellis County State Bank v. Keever, 888 S.W.2d 790, 794 (Tex. 1994). 

 A review of the record reflects that the trial court did not abuse its discretion in
dividing the community property of the parties in connection with this divorce. The stock
of Appellant, was awarded one hundred percent to Glenn Coterill. The division of the
remainder of the property is not complained about by the parties. The trial court has the
discretion to determine the value of the asset, the stock of BBS, and then divide the
community estate in a fair and just manner. There is no complaint or evidence of an unfair
distribution regarding the division of the property on the part of Glenn Coterill. Because
there is no complaint regarding the division of the remainder of the community property, we
hold that the trial court acted within its discretion in valuing the stock of BBS to include the
take nothing judgment against it and in awarding the stock to Glenn Coterill. Appellant's
Issue Number Three is overruled.

 Appellant's Issue Number Four complains of the trial court's conclusion of law
number 3 which found that Appellant's claims were pursued by Glenn Coterill in his
capacity as an officer of BBS and were in violation of the limitations established by the case
of Schlueter, 975 S.W.2d at 584. Schlueter involved a divorce where the wife
counterclaimed for certain tort based damages against her husband and father-in-law. The
Supreme Court held that "there is no independent tort cause of action between spouses for
damages to the community estate," Schlueter at 585. In a significant opinion, the Supreme
Court defined the difference between allegations between spouses based on personal injury 
torts, and torts based on claims related to conduct by the parties that has a financial impact
on the community estate. The Supreme Court confirmed that the trial court has the discretion
to consider the conduct of the parties in its division of the estates of the parties and may
award an unequal division when appropriate. Id. at 588. The trial court has the authority and
discretion to determine what is just and right in dividing the community estate as was done
in this case.

 The trial court essentially found that the claims asserted by BBS as intervenor and
Appellant were, in fact, claims by Appellant for alleged economic torts committed against 
the community estate by Appellee. However, because of the other findings of fact and
conclusions of law made by the trial court and our holdings herein, we do not need to reach
the question of whether the conclusion of law that the court found that this claim violates
Schulter is error. Erroneous conclusions of law are not binding on the appellate court and
if the controlling findings of fact will support a correct legal theory, are supported by the
evidence and are sufficient to support the judgment, then the adoption of erroneous legal
conclusions will not mandate reversal. Leon v. Albuquerque Commons Partnership, 862
S.W.2d 693 (Tex. App.--El Paso 1993, no writ); Westech Engineering, Inc. v. Clearwater
Constructors, Inc., 835 S.W.2d 190, 196 (Tex. App.--Austin 1992, no writ); Bellaire
Kirkpatrick Joint Venture v. Loots, 826 S.W.2d 205, 210 (Tex. App.--Fort Worth 1992, writ
denied); Sears, Rooebuck & Co. v. Nichols, 819 S.W.2d 900, 903 (Tex. App.--Houston [14th
Dist.] 1991, writ denied); Matter of Estate of Crawford, 795 S.W.2d 835, 838 (Tex. App.--Amarillo 1990, no writ); Valencia v. Garza, 765 S.W.2d 893, 898 (Tex. App.--San Antonio
1989, no writ). Any error, committed by the trial court, if it exists, is harmless. We,
therefore, overrule Appellant's Issue Number Four. 

 Having overruled each of Appellant's issues on appeal, we affirm the judgment of the
trial court in its entirety.

September 15, 2004


 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

1. This is sometimes referred to as a "failure to find" or a "non-finding."